UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAH'OSHAI BIN NAZARETH,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF CALIFORNIA,<br><br>Defendant. | Case No. 25-cv-00725-JSW<br><br>**ORDER OF DISMISSAL** |

**INTRODUCTION**

Plaintiff, who is confined at Atascadero State Prison and is proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983 against the State of California and the California Department of State Hospitals. For the reasons discussed below, the complaint is DISMISSED for failure to state a cognizable claim for relief.

**ANALYSIS**

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).[1] In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

---

[1] To whatever extent Plaintiff is not a "prisoner" under Section 1915A, a similar review is required under 1915(e) as Plaintiff has not paid the filing fee.

1  claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
2  statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon
3  which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although
4  in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's
5  obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and
6  conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .
7  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell
8  Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint
9  must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

**B.     LEGAL CLAIMS**

Plaintiff claims to have suffered "a series of violations under the 6th Amendment" and "damages, loss of property and wages." (ECF No. 2 at 2.)  He alleges the State of California "entered my property into a contract" which is "contrary to law" using "duress and undue influence." (*Id.*)  He "alerted the courts that [he was] the representative of Marcus James Pledgure[2] and that [he] did not consent to the State of California presiding over my property." (*Id.*)  He further alleges the State "willfully infringed" his "rights to obtain a commercial advantage." (*Id.*)  He asserts "any corperation [sic] violating my Sixth Amendment right under equal protection of the law public interest will be prejudiced by premitting [sic] the contract to stand: title Marcus James Pledgure." (*Id.*)  He seeks "contract extinguishment" and monetary damages. (*Id.*)

Plaintiff's allegations he is the "representative" of himself are incomprehensible and as such lack any plausible basis in law of fact.  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  His other allegations are hardly any more comprehensible.  He refers to a "contract" between himself and the State of California, but he does not allege the nature of that contract, identify any such contract or its terms, how Defendants breached them, or how any such breach violated federal law.  He refers to the Sixth Amendment, which does not apply to contracts, and "equal

---

[2] Plaintiff has identified himself by this name in another lawsuit in this court.  *See* Case No. 24-08868 JSW (PR).

protection" is a guarantee of like treatment for similarly situated people, which is not implicated by any of his allegations. Lastly, the Defendants, the State of California and the California Department of State Hospitals, are immune from damages under the Eleventh Amendment. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). For these reasons, Plaintiff does not state a cognizable claim for relief. The Court discerns no possibility that they could be cured by amendment.

**CONCLUSION**

For the above reasons, the complaint is DISMISSED without leave to amend. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: February 3, 2025

JEFFREY S. WHITE
United States District Judge